UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL T. BACELIS,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 10-5148 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff filed a Complaint herein on July 21, 2010, seeking review of the Commissioner's denial of his application for disability insurance benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on May 2, 2011, in which plaintiff raised three disputed issues as grounds for reversal. Thus, this matter now is ready for decision.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42

(continued...)

1

## DISCUSSION

With respect to Disputed Issue No. 1, the issue raised by plaintiff is not (as the Commissioner has characterized it) whether the record contains any evidence establishing that plaintiff had disabling functional limitations stemming from his cervical spine, carpal tunnel, dizziness, or anxiety. Rather, the issue is whether the ALJ's decision reflects that, in accordance with Social Security Ruling[2] ("SSR") 96-8p and the Commissioner's regulations (i.e., 20 C.F.R. §§ 404.1523, 404.1545(a)), the ALJ considered the entire medical record in determining plaintiff's residual functional capacity ("RFC"), including plaintiff's non-severe impairments. See Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) ("The ALJ is required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe."); Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'"). The Court concurs with plaintiff that the answer is no. For example, the record reflects that a consultative examiner opined on June 15, 2007, based on his complete internal medicine evaluation of plaintiff, that plaintiff suffered from multiple impairments in addition to cervical spondylosis. (See AR 274-79.) Yet, nowhere in the ALJ decision did he mention that examination report, or any of the other impairments to which the consultative examiner opined. Nor did the ALJ provide any reasons for implicitly rejecting the consultative examiner's opinion that plaintiff should avoid "offending allergens," as a result of his

---

[1](...continued)
U.S.C. § 405(g).

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

allergic rhinitis condition. The record also reflects that, based on a nerve conduction study performed on February 26, 2008, plaintiff was diagnosed as having carpal tunnel syndrome. (See AR 435-36.) Indeed, plaintiff testified at the hearing to impending surgery for the problems he was experiencing in his hands and wrists. (See AR 37.) Yet nowhere in his decision did the ALJ mention plaintiff's carpal tunnel syndrome. The record also contains evidence from plaintiff's treating sources that he was diagnosed as suffering from an anxiety disorder, for which he was prescribed Paxil. (See AR 392, 395, 396.) Yet nowhere in his decision did the ALJ mention that impairment.

Based on the cursory job done by the ALJ in rendering his decision, the Court has no confidence that the ALJ fulfilled his responsibilities under SSR 96-8p and the Commissioner's regulations, and for that reason alone the Court finds and concludes that a remand for further administrative proceedings is warranted here. See Fargnoli v. Massanari, 247 F.3d 34, 40-42 (3d Cir. 2001) ("The disparity between the actual record and the ALJ's sparse synopsis of it makes it impossible for us to review the ALJ's decision, for we 'cannot tell if significant probative evidence was not credited or simply ignored.'").

The cursory job done by the ALJ in rendering his decision also compels the Court to find, with respect to Disputed Issue No. 3, that the ALJ failed to make a proper adverse credibility determination. The law is well established in the Ninth Circuit that, where the claimant has produced objective medical evidence of an impairment or impairments that could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See, e.g., Carmickle, 533 F.3d at 1160; Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991);

Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986). Here, after observing that the duty to make a credibility finding on subjective pain and symptom testimony was triggered "once an underlying physical or mental impairment(s) that could **reasonably** be expected to produce the claimant's pain or other symptoms has been shown" (see AR 13), the ALJ proceeded to make the following credibility finding;

> "After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could **possibly** be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the evidence of record as summarized and analyzed above." (AR 14 (emphasis added).)

As a preliminary matter, the Court notes that, in contravention of governing Ninth Circuit authority, the ALJ failed to specify which statements by plaintiff concerning "the intensity, persistence and limiting effects" of his symptoms were not credible and/or in what respect(s) plaintiff's statements were not credible. See Smolen, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."). Moreover, if the ALJ was intending to make a point in using the word "possibly" instead of "reasonably," he should have explained what the point was. In any event, putting aside the ALJ's failure to mention any of plaintiff's other medically determinable impairments for which there was evidentiary support in the record, it is beyond cavil that the medically determinable impairment that the ALJ did acknowledge (i.e., degenerative disc disease of the cervical spine with radiculopathy) could reasonably be expected to produce some degree of pain and other symptoms. Since the ALJ did not find that the record here contained any affirmative evidence of malingering and the Commissioner has not pointed to any, the issue before the Court is whether the

ALJ provided reasons for his adverse credibility determination that satisfy the "clear and convincing" standard set forth above.

The Commissioner has extrapolated from the ALJ's decision three "reasons" for the adverse credibility determination. First, the Commissioner points to the ALJ's statement, "At the hearing, claimant testified that the pain in his back and hands has been treated with physical therapy and pain-relieving medications but that he has not undergone surgery for any of his complaints." (See Jt Stip at 15, citing AR 12.) However, in the absence of any citation by the ALJ or the Commissioner to evidence in the record that any of plaintiff's treating physicians had ever recommended back surgery, the Court finds that the failure to undergo back surgery does not constitute a clear and convincing reason for discrediting plaintiff's excess pain and subjective symptom testimony. Moreover, given plaintiff's testimony about the impending surgery for the problems he was experiencing in his hands and wrists, the fact that plaintiff had not yet undergone surgery for his hands hardly constitutes a clear and convincing reason for discrediting plaintiff's excess pain and subjective symptom testimony. Second, the Commissioner points to the ALJ's discussion of supposed inconsistencies relating to plaintiff's claimed lack of proficiency in the English language. Contrary to the ALJ's characterization (see AR 12), plaintiff did not testify that he was unable to communicate in English. In response to the ALJ's question, "Are you able to speak English?," plaintiff answered, "Very little." (See AR 32.) The ALJ did not ask plaintiff if he was able to understand English spoken to him, which is different from being able to speak English. Likewise, the Court fails to see how being able to secure a driver's license, or being able to "read street signs in English," and being able to read UPS orders in English (which conceivably merely contained pick-up and drop-off addresses) was inconsistent with plaintiff's statement that he spoke very little English. Accordingly, the Court finds that this second "reason" cited by the Commissioner also does not constitute a clear and convincing reason for discrediting plaintiff's excess pain and subjective symptom testimony.

5

Citing the ALJ's statement that plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were "not credible to the extent they are inconsistent with the evidence of record as summarized and analyzed above," the Commissioner has extrapolated as a third "reason" for the ALJ's adverse credibility determination that plaintiff's claimed inability to work was inconsistent with the objective evidence in the record. (See Jt Stip at 16-17.)  The Court does not construe the referenced statement as a "reason" for the ALJ's adverse credibility determination, but rather as his conclusion on the credibility issue.  In any event, the Court already has found that neither of the other two "reasons" extrapolated from the decision by the Commissioner constitutes a clear and convincing reason for discrediting plaintiff's excess pain and subjective symptom testimony, and the lack of supporting objective evidence in itself does not constitute a clear and convincing reason for discrediting a plaintiff's excess pain and subjective symptom testimony. See, e.g., Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986) ("Requiring full objective confirmation of pain complaints before believing them 'would overlook the fact that pain is a highly idiosyncratic phenomenon, varying according to the pain threshold and stamina of the individual victim,' and it would trivialize the importance that we have consistently ascribed to pain testimony, rendering it, in the final analysis, almost superfluous.")

It follows from the Court's findings with respect to Disputed Issue Nos. 1 and 3 that the Court is unable to affirm the ALJ's RFC determination.  Accordingly, there is no need for the Court to address plaintiff's specific contentions with respect to Disputed Issue No. 2.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.  See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan,

888 F.2d 599, 603 (9th Cir. 1989); <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. <u>See, e.g.</u>, <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984); <u>Lewin</u>, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, <u>Kornock v. Harris</u>, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, <u>Bilby v. Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985).

Here, plaintiff does not contend that a remand for the payment of benefits is warranted, but rather concedes that the appropriate remedy "is to remand for further proceedings, including a new decision." (<u>See</u> Jt Stip at 18.)

Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[3]

DATED: May 23, 2011

*[signature]*

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not the Court's intent to limit the scope of the remand.